AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Southern District of New York

JUDGE SCHEINDLIN

DZHEMALI KHUDASHVILI

)
)
)
_____
)
*Plaintiff*
)
v.
)
THE CITY OF NEW YORK, ET AL.
)
)
_____
)
*Defendant*
)

Civil Action No.  10 CIV 0774

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

MICHAEL CARDOZO
NYC CORPORATION COUNSEL
100 Church Street
NEW YORK, NY 10007

A lawsuit has been filed against you.

NICHOLAS GENTILE
NYPD - Staten Island
Anti-Crime Unit
154 Lamport Blvd
Staten Island, NY 10305

JOSEPH HIONAS
NYPD - Staten Island
Anti-Crime Unit
154 Lamport Blvd
Staten Island, NY 10305

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

THE LAW OFFICE OF AMEER BENNO
233 BROADWAY, SUITE 900
NEW YORK, N.Y 10279

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON

CLERK OF COURT

FEB 02 2010

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Ameer Benno, Esq. [AB-1130]
The Law Office of Ameer Benno
233 Broadway, Suite 900
New York, NY 10279
Tel.: (646) 286-1300
abenno@ameerbenno.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DZHEMALI KHUDASHVILI,<br><br>          Plaintiff,<br><br>          -against-<br><br>THE CITY OF NEW YORK,<br>NICHOLAS GENTILE, JOSEPH HIONAS, "JOHN" PICHTCHANSKI (first name being fictitious and presently unknown, intended to be detective involved in plaintiff's assault and arrest on May 21, 2009), and "JOHN DOES 1-8" (names being fictitious and presently unknown, intended to be police officers involved in plaintiff's assault and arrest on May 21, 2009),<br><br>          Defendants. | Civil Case No. 10 - CIV - 0774<br><br>COMPLAINT FOR DAMAGES<br>(42 USC § 1983)<br><br>A Jury Trial is Demanded |

**INTRODUCTORY STATEMENT**

1.     This is an action for damages sustained by a citizen of the United States against police officers of the New York City Police Department (hereinafter referred to as "NYPD"), who unlawfully arrested, assaulted, prosecuted, and harassed the plaintiff.

2.     The action is against the police officers involved in plaintiff's assault, detention and arrest on May 21, 2009.

**JURISDICTION**

3.     This action is brought pursuant to 42 USC §§ 1983, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

1

4.     This Court has subject matter jurisdiction of the action under 28 USC §§ 1331, 1343(a), (3), (4).

5.     This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 USC § 1367.

6.     That prior to the institution of this action and within ninety (90) days from the date when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the CITY on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and the CITY has neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

7.     That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## PARTIES

8.     Plaintiff is a resident of the City of New York, and at all times relevant to the allegations of this complaint was a citizen of the United States, and a resident of New York County.

9.     That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK (hereinafter referred to as "CITY"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.     That at all times hereinafter mentioned, defendant CITY operated, controlled and maintained a police force known as the New York City Police Department.

2

11.     That at all times hereinafter mentioned, the New York City Police Department (hereinafter referred to as "NYPD") was a subdivision, department or agency of defendant CITY.

12.     That at all times relevant to this action, defendant P.O. NICHOLAS GENTILE (hereinafter referred to as "GENTILE") was a police officer employed by the New York City Police Department to perform duties in the City of New York, County of New York.

> a.      At all relevant times, this defendant was acting as the agent, servant, and employee of defendant CITY.
>
> b.      This defendant is sued in his personal and official capacity.

13.     That at all times relevant to this action, defendant P.O. JOSEPH HIONAS (hereinafter referred to as "HIONAS") was a police officer employed by the New York City Police Department to perform duties in the City of New York, County of New York.

> a.      At all relevant times, this defendant was acting as the agent, servant, and employee of defendant CITY.
>
> b.      This defendant is sued in his personal and official capacity.

14.     At all times relevant to this action, defendant detective "JOHN" PICHTCHANSKI (first name being fictitious and presently unknown, hereinafter referred to as "PICHTCHANSKI") was a police detective employed by the New York City Police Department to perform duties in the City of New York, County of New York.

> a.      At all relevant times, this defendant was acting as the agent, servant, and employee of defendant CITY.
>
> b.      This defendant is sued in his personal and official capacity.

3

15.     At all times relevant to this action, defendants "JOHN DOES 1-8" were police officers employed by the New York City Police Department, who were involved in the assault, detention, arrest, and incident involving plaintiff on May 21, 2009.  These defendants' names are currently unknown to and undiscoverable by plaintiff.  The plaintiff will amend this complaint to state the true names of "JOHN DOES 1-8" as soon as possible.

        a.     At all relevant times, these defendants were acting as agents, servants, and employees of defendant CITY.

        b.     These defendants are sued in their personal and official capacities.

16.     The defendant CITY is a municipal corporation within the State of New York and, at all relevant times, it employed the other defendants in this action.

17.     At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as police personnel.

### JURY TRIAL DEMANDED

18.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

### VENUE

19.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

### FACTUAL ALLEGATIONS

20.     That on or about May 21, 2009, at approximately 12:00 p.m. at a jewelry store at 47 West 47th Street, 2nd Floor, New York, NY 10036, plaintiff was visiting his friend.

4

21.     About twenty minutes after plaintiff entered the aforesaid store, defendant police officers HIONAS, GENTILE, PICHTCHANSKI, and several other police officers (who are included in "JOHN DOES 1-8") stormed into the office of the jewelry store located at the above-mentioned address.

22.     Said officers were attired in SWAT gear and carried firearms, assault rifles, and riot shields.

23.     Upon the entry of those officers into the jewelry store office, defendants HIONAS, GENTILE, PICHTCHANSKI and JOHN DOES 1-8, acting jointly and in concert and without just cause or provocation, struck plaintiff several times in the face, head, and body with ballistic shields and/or other implements.

24.     The above-described conduct of defendant police officers was excessive, unwarranted, unnecessary and violent, and engaged in without just cause or provocation.

25.     As a result of the police officer actions, plaintiff sustained severe physical and emotional injuries, including a broken nose, laceration requiring stitches, and facial scarring.

26.     Following the assault, plaintiff was forced to the floor, and repeatedly kicked in and about his body by said defendant police officers.

27.     The aforesaid conduct was excessive, unwarranted, unnecessary and violent, and engaged in without just cause or provocation.

28.     Plaintiff was then rear-handcuffed and arrested without any right or justifiable grounds therefor by defendants.

29.     Following the foregoing, defendants placed plaintiff in police custody and took him the police stationhouse, where plaintiff's arrest was processed.

30.     Plaintiff was next brought by defendants to Central Booking to await arraignment.

31.     On or about May 24, 2009, three days after being unlawfully arrested and imprisoned, plaintiff was arraigned in New York County Criminal Court.

32.     At his arraignment, plaintiff was charged, under New York County Docket Number 2009NY041098, with one count of Attempted Criminal Possession of Stolen Property in the Third Degree, to which he pleaded not guilty.

33.     The matter was adjourned, and plaintiff was released on his own recognizance.

34.     Plaintiff was thereafter required to appear in court no less than three additional times to defend against the charges that were falsely lodged against him.

35.     On November 23, 2009, upon the motion of the District Attorney, the Honorable Marc J. Whiten dismissed all charges against plaintiff under Docket 2009NY041098.

36.     As a result of the defendants' misconduct described above, plaintiff experienced great indignities, including severe humiliation, physical and emotional distress, pain and suffering, and was otherwise damaged, incurred expenses, including legal fees, in connection with the defense on the charges that were lodged against him.

37.     The plaintiff was also severely physically and emotionally injured as a result of the conduct described in this complaint.

38.     The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the NYPD, which was known to and ratified by the defendants CITY.

6

39.     Despite knowledge of these institutionalized practices, the defendant CITY has at no time taken any effective action to prevent NYPD personnel from continuing to engage in this type of misconduct.

40.     Defendant CITY had prior notice of the vicious propensities of defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

41.     The failure of defendant CITY to properly train defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8 included the failure to instruct them in applicable provisions of the Penal Law of the State of New York and the proper and prudent use of force.

42.     Defendant CITY authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

   a.     Failing to properly discipline, restrict, and control employees, including defendants GENTILE, HIONAS, PICHTCHANSKI and JOHN DOES 1-8 known to be irresponsible in their dealings with citizens of the community;

   b.     Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically defendants GENTILE, HIONAS, PICHTCHANSKI and JOHN DOES 1-8.

   c.     Failing to forward to the office of the District Attorney of New York County evidence of criminal acts committed by police personnel;

   d.     Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of

7

police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

43.     As a consequence of the abuse of authority detailed above, plaintiff sustained the damages alleged above.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Excessive Force)

44.     Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

45.     That by virtue of the aforementioned acts, defendants, who were acting in concert and within the scope of their employment, are liable to plaintiff for excessive force.

46.     Said acts and conduct of defendants were violent, unnecessary, unwarranted, unjustified and unlawful, and were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

47.     Defendant CITY is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

48.     The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS GENTILE, HIONAS, PICHTCHANSKI, AND JOHN DOES 1-8
### (42 U.S.C. § 1983 based on Excessive Force)

49.     Plaintiff repeats and re-alleges each and every allegation set forth above as fully set forth at length herein.

8

50.     Defendants' aforesaid violent, unnecessary, unwarranted, and unlawful conduct, deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiff's Fourth and Fourteenth Amendment rights.

51.     That as a result of the foregoing, plaintiff was severally and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, an suffered economic loss and other damages.

52.     Defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8 are sued in their individual and official capacities.

53.     The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
#### (False Arrest/Imprisonment)

54.     Plaintiff repeats and re-alleges each and every allegation set forth above as fully set forth at length herein.

55.     That on or about May 21, 2009, at approximately 12:00 p.m. at a jewelry store at 47 West 47th Street, 2nd Floor, New York, NY 10036, the CITY, its agents, servant and/or employees, including GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, wrongfully and falsely arrested, imprisoned and detained plaintiff without any right or justifiable grounds therefore.

56.     That plaintiff's arrest, detention and imprisonment was caused by the CITY, its agents, servant and/or employees, including GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, without any warrant and without any reasonable cause or belief that plaintiff was in fact guilty of any offense.

57.     That defendants, who were acting in concert and within the scope of their employment, intended to confine plaintiff; that plaintiff was conscious of the confinement; that plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

58.     That by virtue of the aforementioned acts, defendants, who were acting in concert and within the scope of their employment, are liable to plaintiff for false arrest/imprisonment.

59.     Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60.     Defendant CITY is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

61.     The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8
### (42 U.S.C. § 1983 based on False Arrest/Imprisonment)

62.     Plaintiff repeats and re-alleges each and every allegation set forth above as fully set forth at length herein.

63.     That by virtue of the aforementioned acts by defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, who were acting in concert and within the scope of their employment, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, including his right under the Fourth and Fourteenth

10

Amendment to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures, and GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8 therefore are liable to plaintiff for damages under 42 U.S.C. § 1983.

64. Defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8 are sued in their individual and official capacities.

65. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Malicious Prosecution)

66. Plaintiff repeats and re-alleges each and every allegation set forth above as fully set forth at length herein.

67. That following his arrest, plaintiff was wrongfully, falsely and maliciously charged by defendants and prosecuted for an offense of which he was innocent.

68. That as a result thereof, plaintiff was required to appear in court to defend against these wrongful charges.

69. That on November 23, 2009, the aforesaid charges against plaintiff were dismissed.

70. That by virtue of the aforementioned acts, defendants, who were acting in concert and within the scope of their employment, are liable to plaintiff for malicious prosecution.

71. Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

11

72.     Defendant CITY is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

73.     The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## SIXTH CAUSE OF ACTION AGAINST GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8
### (42 U.S.C. § 1983 based on Malicious Prosecution)

74.     Plaintiff repeats and re-alleges each and every allegation set forth above as fully set forth at length herein.

75.     That by virtue of the aforementioned acts by defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, who were acting in concert and within the scope of their employment, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, including his right under the Fourth and Fourteenth Amendment to the U.S. Constitution to be free of unreasonable searches and seizures, and GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8 therefore are liable to plaintiff for damages under 42 U.S.C. § 1983.

76.     Defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8 are sued in their individual and official capacities.

77.     The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Assault)

78.     Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

79.    Upon approaching plaintiff and while in the process of physically assaulting and brutalizing him, defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, employees of defendant CITY, while acting in concert and within the scope of their employment, made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

80.    Said actions by defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8 constituted a willful, unlawful, unwarranted, and intentional assault upon plaintiff.

81.    Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

82.    Defendant CITY is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

83.    That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

84.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Battery)

85.    Plaintiff repeats and re-alleges each and every allegation set forth above as fully set forth at length herein.

13

86. Defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8 employees of defendant CITY, while acting in concert, assaulted, battered, intimidated, threatened, menaced, and struck plaintiff.

87. That the aforesaid conduct by defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, was without the consent of plaintiff.

88. That the aforesaid conduct by defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, was offensive in nature.

89. That the aforesaid conduct by defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, was intentional.

90. That the aforesaid conduct by defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, was with the intent of causing physical, emotional and/or psychological harm and/or other injuries to plaintiff.

91. Said actions were excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the Constitution.

92. Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

93. Defendant CITY is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

94. That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

14

95.     The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Intentional Infliction of Emotional Distress)

96.     Plaintiff repeats and re-alleges each and every allegation set forth above as fully set forth at length herein.

97.     Defendants' conduct was extreme, outrageous, shocking and exceeded all reasonable bounds of decency.

98.     Defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

99.     Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff.

100.    That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

101.    Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

102.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

15

## TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligence)

103.    Plaintiff repeats and re-alleges each and every allegation contained above as though set forth at length herein.

104.    That defendant CITY its agents, servants and/or employees, including defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8 caused plaintiff to sustain severe injuries to his nose, face, and other bodily parts.

105.    That the aforesaid incident and resulting injuries were due to the negligence of the defendants, and each of them, in the manner in which they performed their duties as officers of the NYPD; in failing to exercise reasonable care in connection with the performance of their duties; in failing adequately to evaluate the situation confronting them; and in otherwise being negligent.

106.    That the aforementioned incident and injuries were caused solely and wholly by reason of the recklessness, carelessness, and negligence of the defendants herein and without any negligence on the part of the plaintiff contributing thereto.

107.    Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

108.    That defendant CITY is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

109.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## ELEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligent Infliction of Emotional Distress)

110.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

111.    The aforesaid acts by defendants were extreme, outrageous, shocking and exceeded all reasonable bounds of decency, so as to be regarded as atrocious and utterly intolerable in a civilized community.

112.    Said extreme and outrageous conduct breached a duty owed to plaintiff to, among other things, protect and safeguard plaintiff's welfare and safety, and caused plaintiff to fear for his own physical safety and caused plaintiff to be severely and seriously injured, both bodily and mentally, to suffer a loss of enjoyment of life, and to suffer economic loss and other damages.

113.    The actions and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

114.    That defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

115.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## TWELFTH CAUSE OF ACTION AGAINST DEFENDANT CITY
### (Negligent Training, Supervision, and Retention)

116.    Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

117. That the aforesaid violent assault, excessive force, and false arrest perpetrated on plaintiff by defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8 were the result of the negligence of defendant CITY in its supervision, training, and retention of said defendant police officers.

118. That due to the negligent supervision, training and retention by the CITY of defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

119. That due to the negligent supervision, training and retention by the CITY of defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, said acts and conduct of defendants violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

120. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT CITY
**(42 U.S.C. §1983 - "Monell" Claim based on Failure to Train/Supervise)**

121. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

122. Defendant CITY had prior notice of the vicious propensities of defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

123. The failure of defendant CITY to properly train defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8 included the failure to instruct them in

18

applicable provisions of the State Penal Law of the State of New York and the proper and prudent use of force.

124.    Defendant CITY authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

a.    Failing to properly discipline, restrict, and control employees, including defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8, known to be irresponsible in their dealings with citizens of the community;

b.    Failing to take adequate precautions in the hiring, training, promotion, and retention of police personnel, including specifically defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8.

c.    Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

125.    That the failure to supervise and/or train by the defendant CITY of defendants GENTILE, HIONAS, PICHTCHANSKI, and JOHN DOES 1-8 rose to the level of deliberate indifference to the consequences of its actions, and indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America inter alia, plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.

126.    That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

127.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

*      *      *

WHEREFORE, plaintiff demands the following relief jointly and severally against each defendant:

      a.    Compensatory damages in an amount against defendants herein which exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction herein;

      b.    Punitive damages in an amount to be determined by a jury;

      c.    The convening of a jury to consider the merits of the claims herein;

      d.    Attorney's fees pursuant to 42 U.S.C. § 1988;

      e.    An award of plaintiff's costs of suit;

      f.    Pre-judgment and post-judgment interest;

      g.    Such other further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated:      New York, New York
               February 2, 2010

               Yours, etc.,

               By:   _____
                    Ameer Benno [AB-1130]
                    The Law Office of Ameer Benno
                    233 Broadway, Suite 900
                    New York, NY 10279
                    Tel.: (646) 286-1300
                    abenno@ameerbenno.com
                    Attorneys for Plaintiff

Civil Case No. 10 - CIV - 0774

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DZHEMALI KHUDASHVILI,

                                              Plaintiff,

        -against-

THE CITY OF NEW YORK, NICHOLAS GENTILE,
JOSEPH HIONAS, "JOHN" PICHTCHANSKI
(first name being fictitious and presently
unknown, intended to be detective involved
in plaintiff's assault and arrest on May 21, 2009),
and "JOHN DOES 1-8" (names being fictitious and
presently unknown, intended to be police officers
involved in plaintiff's assault and arrest on May 21, 2009),

                                              Defendants.

## COMPLAINT

THE LAW OFFICE OF AMEER BENNO
Attorneys for Plaintiff
233 Broadway, Suite 900
New York, NY 10279
(646) 286-1300
FAX (212) 994-8082